United States District Court
Southern District of Texas
**ENTERED**
November 04, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD PAUL LOPEZ, | § | |
| *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. H-20-3752 |
| ANTHONY ESTERRA, M.D., | § § § | |
| *Defendant*. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Richard Paul Lopez, a Harris County pretrial detainee, filed this *pro se* section 1983 lawsuit against his prior physician, Anthony Esterra, M.D. He seeks leave to proceed *in forma pauperis*. Plaintiff complains that a surgical procedure he underwent is causing him problems, and that Esterra has not corrected the problem. Plaintiff acknowledges that Esterra's medical care was provided before plaintiff became a pretrial detainee. Although he proceeds *pro se*, plaintiff alleges that his two attorneys suggested he sue for $50 million in actual damages and $10–$15 million in punitive damages.

Because plaintiff is a pretrial detainee seeking leave to proceed *in forma pauperis*, his complaint is subject to screening under section 1915(e)(2). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Under section 1915(e)(2)(B)(i), the Court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

To state a viable claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's factual allegations show that the medical care forming the basis of this lawsuit was not provided while he was incarcerated or detained; consequently, no Eighth Amendment or other constitutional violation is raised. Further, defendant Esterra is not a state actor for purposes of section 1983, as he was not acting under color of state law in providing medical care to plaintiff. For these reasons, plaintiff's claims against Esterra do not raise a viable claim for relief under section 1983.

This lawsuit is **DISMISSED WITHOUT PREJUDICE** as frivolous and for failure to state a viable claim for relief under section 1983. Any and all pending motions are **DISMISSED AS MOOT**. This dismissal constitutes a "strike" under section 1915(g). Plaintiff is warned that, should he accumulate three strikes, he will be barred from proceeding *in forma pauperis* in federal district or appellate court unless he demonstrates he was under imminent danger of serious physical injury at the time of filing.

The Clerk is to provide a copy of this order to plaintiff and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

Signed at Houston, Texas, on this the 4th day of November, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

3